## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| |
|---|
| UNITED STATES OF AMERICA |
| v. |
| KEVIN BELL |

No. 2:25-cr-00076-JAW

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO CERTAIN IRRELEVANT MATTERS

The United States of America moves *in limine* to limit Defendant Kevin Bell ("Defendant") from addressing certain irrelevant matters in the presence of the jury during trial. Specifically, the government asks the Court to preclude defense counsel from presenting any evidence, making any arguments, and conducting any inquiries on cross-examination concerning: (a) Defendant's personal or familial history, (b) Defendant's possible punishment if convicted, (c) Defendant's lack of criminal conviction history, and (d) defense counsel's personal background or professional experience. As explained below, the above-listed matters should be excluded under Federal Rules of Evidence 401, 402, and 403.

### ARGUMENT

While "[r]elevancy is a very low threshold[,]" the above-listed matters are simply not probative of whether Defendant committed the crime with which he has been charged. *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021). None of the above-listed matters address, much less resolve, any issue of fact in Defendant's case. Nor do they move the jury's inquiry forward to any degree. *See Cruz-Ramos*, 987 F.3d at 42 (1st Cir. 2021) (explaining "'the evidence need not definitively resolve a key issue in the case,' but 'need only move the inquiry forward to some degree'"). As such, the above-listed matters are irrelevant and inadmissible. *See* Fed. R. Evid. 401 (evidence is

relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action"); Fed. R. Evid. 402 (while relevant evidence is generally admissible, "[i]rrelevant evidence is not admissible").

Even assuming, arguendo, that the above-listed matters are relevant and admissible, they encourage improper jury nullification by injecting matters that are unfairly prejudicial, confuse the issues in Defendant's case, and heighten the risk of misleading the jury, all of which constitute alternate bases for exclusion. *See* Fed. R. Evid. 403 ("[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Absent Defendant identifying some legally cognizable basis to reference such matters in the presence of the jury or making an adequate showing in anticipation of trial that such matters bear on Defendant's guilt or innocence, they should be excluded.

Indeed, courts have regularly precluded defendants from invoking their personal or familial history during trial. *See, e.g.*, *United States v. Santana-Camacho*, 931 F.2d 966, 967-68 (1st Cir. 1991) (cleaned up) (upholding the district court's refusal to allow evidence that the defendant was "a kind person or a good family man" because the proposed character evidence "would not make any fact of consequence to the determination of the case significantly more or less probable than it would be without evidence of the trait"); *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991) (upholding the district court's refusal to allow evidence that the defendant had a son with cerebal palsy for whom the defendant had been a devoted caretaker); *United States*

*v. Battaglia*, 2008 WL 144826, at *3 (S.D.N.Y. Jan.15, 2008) (granting the government's motion *in limine* to exclude evidence of the defendant's personal or familial status because such evidence was irrelevant "to the issue of whether Defendant committed the crimes charged" and thus inadmissible pursuant to Federal Rule of Evidence 401).

Similarly, courts have routinely precluded defendants from presenting evidence of their prospective punishment or other collateral consequences if convicted. As the Supreme Court has noted,

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.

*Shannon v. United States*, 512 U.S. 573, 579 (1994). Stated another way, "under our criminal justice system it is the jury's responsibility to determine guilt or innocence on the basis of the facts it has found, whereas the court is responsible, among other things, for sentencing a defendant after a guilty verdict." *United States v. DiMarzo*, 80 F.3d 656, 660 (1st Cir. 1996). Because federal juries do not perform a sentencing function, "'providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.'" *Id.* (*quoting Shannon*, 512 U.S. at 579); *see also United States v. Luciano-Mosquera*, 63 F.3d 1142, 1152 (1st Cir. 1995) (upholding the district court's limitation of cross-examination as "an impermissible attempt to inform the jury about the defendants' possible punishment").

The Government likewise submits that any reference to Defendant's lack of criminal conviction history is inadmissible under Federal Rules of Evidence 401, 403, 404(a). Ordinarily, evidence of a defendant's criminal history is not admissible as it is considered highly prejudicial. *See generally Old Chief v. United States*, 519 U.S. 172, 185 (1997). Not only is the admission in evidence, through cross-examination, that a defendant has no criminal conviction history an inappropriate plea to sympathy, it is fraught with danger of improper jury nullification. Moreover, though evidence of a pertinent trait of character of the accused may be admissible under Federal Rule of Evidence 401(a)(1), it is only admissible through reputation testimony in accordance with Rule 405.

Finally, any reference to defense counsel's personal background or professional experience is altogether irrelevant as it does not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Nor is any such fact of any "consequence in determining the action[.]" *Id*. As such, this "[i]rrelevant evidence is not admissible" at trial. Fed. R. Evid. 402.

## CONCLUSION

Accordingly, the government respectfully requests that the Court rule that defense counsel is excluded from presenting any evidence, making any arguments, or conducting any inquiries on cross-examination concerning: (a) Defendant's personal or familial history, (b) Defendant's possible punishment if convicted, (c) Defendant's lack of criminal conviction history, and (e) defense counsel's personal background or professional experience.

Date: December 2, 2025                                          Respectfully submitted,

ANDREW B. BENSON
United States Attorney

BY:   */s/ Nicholas Heimbach*
United States Attorney's Office
100 Middle Street, East Tower, 6th Floor
Portland, Maine 04101
(207) 780-3257
Nicholas.heimbach@usdoj.gov

*/s/ Shira Furman*
United States Attorney's Office
100 Middle Street, East Tower, 6th Floor
Portland, Maine 04101
(207) 780-3257
Shira.furman@usdoj.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 2, 2025, I electronically filed the Government's Motion in Limine with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Caleigh Milton, Esq., and Grainne Dunne, Esq.
Counsel for Defendant

                ANDREW B. BENSON
                United States Attorney

          BY: */s/ Nicholas Heimbach*
              United States Attorney's Office
              100 Middle Street
              East Tower, 6th Floor
              Portland, Maine 04101
              (207) 780-3257
              Nicholas.heimbach@usdoj.gov