UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | |
| vs. ) | DOCKET NO. 2:25-cr-00076-JAW |
| ) | |
| ) | |
| ) | |
| KEVIN BELL ) | |
| ) | |

**DEFENDANT'S MEMORANDUM REGARDING PRELIMINARY AND FINAL JURY INSTRUCTIONS**

WHEREFORE, Defendant Kevin Bell, by and through counsel, and respectfully makes the following objection and requested changes to the Court's Preliminary and Final Jury Instructions.

**I.      PRELIMINARY INSTRUCTION**

The defense respectfully requests the addition of its requested "willful" instruction in the Preliminary Instructions.

As discussed further below, the defense submits that 18 U.S.C. § 871(a) requires proof by the Government that Mr. Bell knowingly and willfully transmitted a true threat. As such, in addition to the Court's instructions that the Government must prove that Mr. Bell intentionally made a true threat, the defense requests the Court also instruct the jury that the Government must prove the true threat was made willfully. A threat is "willful" if in addition to comprehending the words used, the maker voluntarily spoke the words with intent that they be taken as a true threat.

1

II.   **FINAL INSTRUCTION**

The defense's only objection to the Final Instruction is to the Court's instruction as to subjective intent, mirroring the language of *Counterman v. Colorado*, 600 U.S. 66, 74-75 (2023).[1]

In *United States v. Elonis*, the Supreme Court held that, while 18 U.S.C. § 875(c) did not contain an explicit mental state requirement, the statute nonetheless required proof of the speaker's subjective intent to transmit a threat. 575 U.S. 723, 740 (2015). In *Counterman*, the Supreme Court established the constitutional floor for statutes criminalizing true threats, finding that the First Amendment required proof of at least a *mens rea* of "reckless." 600 U.S. 66, 69, 79-80 (2023). *Counterman*, did not, however, displace heightened *mens rea* requirements already embedded in existing threat statutes—including § 871(a). *Rendleman v. United States*, 2024 WL 3088641, at *2–4 (S.D. Ill. June 21, 2024) (convictions under 18 U.S.C. §§ 115(a)(1)(B) and 871(a), both of which require intentional or intentional-and-willful conduct, were unaffected by *Counterman*); *United States v. Gilmore*, 2024 WL 726431, at *4 (M.D. Fla. Feb. 22, 2024) (because § 115(a)(1)(B) already contained a scienter requirement, it was unaffected by *Counterman*); Manual of Model Criminal Jury Instr. for the Fifth Circuit § 2.38 (2024 ed.) (commentary explaining that the instruction accords with *Elonis*, *Counterman*, and the statute's explicit requirements of knowledge and willfulness); Pattern Crim. Jury Instr, Eleventh Circuit, OI O29 (2025) (commentary explaining that the standard remained unchanged post-*Elonis* and incorporates both the objective "true threat" definition and the defendant's subjective mental state).

The requirement of a showing of willful subjective intent is consistent with the statute's history and interpretation by other courts. During the 1917 congressional debates over § 871(a)'s

---

[1] The defense understands the Government also requested the Court instruct that the jury must find Mr. Bell made the threat willfully. (ECF No. 97) at 2; (ECF No 100) at 7.

predecessor statute,[2] a proposal was advanced to remove the word "willful" and permit conviction based solely on knowing conduct. 53 Cong. Rec. 9378 (Jun. 8, 1916). Representative Webb objected that the law should not allow conviction of individuals who speak "thoughtlessly," emphasizing the necessity of proving a "willful expression of an intent to carry out a threat against the Executive[.]" *Id* (Statement of Rep. Webb). Representative Volstead similarly warned that omission of the word "willfully could result in conviction of an individual who had no intention to convey a threat. *Id*. (Statement of Rep. Volstead). In his arguments against the proposal, Representative Volstead emphasized the importance of the subjective intent in the statute. *Id*. at 9379 ("if this statue is to be saved at all, it seems to me it must be upon the theory that the act is willful. There is not anything in the language outside of that word to convey the idea that a threat must be an intentional threat against the President. The word 'willful,' conveys as ordinarily used, the idea of wrongful as well as intentional. That idea ought to be preserved so as not to make innocent acts punishable."). The willful requirement was left in statute. *Id*.; *see Watts v. United States,* 392 U.S. 705 (1969) (noting petitioner was convicted under 1917 statute prohibiting any person from "knowingly and willfully" making threats to take the life of or to inflict bodily harm on the President).

In addition to the legislative history, requiring proof that the defendant willfully made the threat is also consistent with treatment by other courts. *Rendleman*, 2024 WL 3088641, at *3 (§ 871 requires proof that the speaker intends his statement to be a threat) citing *United States v.*

---

[2] As proposed, the Bill read: "That any person who knowingly and willfully deposits or causes to be deposited for conveyance in the mail or for delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the President of the United States or who knowingly and willfully otherwise mays any such threat against the President ,shall upon conviction be fined not exceeding $1,00, or imprisoned not exceeding five years, or both. 53 Cong. Rec. 9378 (Jun 8. 1916).

*Hoffman*, 806 F.2d 703, 707-08 (7th Cir. 1986); *United States v. Lockhart*, 382 F.3d 447, 450 (4th Cir. 2004) (a showing of intent to restrict the President's movements was one way the Government may prove a threat was made "knowingly and willfully") citing *United States v. Patillo*, 438 F.2d 13, 15-16 (4th Cir. 1970) ("[w]hen a threat is published with an intent to disrupt presidential activity, we think there is a sufficient *mens rea*."); *see also* Manual of Model Crim. Jury Instr. for the Fifth Circuit Court of Appeals § 2.38 (2024 ed.) (requiring proof of mental states of knowledge and willfulness); *United States v. Bagdasarian*, 652 F.3d 1113, 1118, 1122 (9th Cir. 2011) (to obtain a conviction for violation 18 U.S.C. § 879(a)(3) -statute criminalizing threats against former presidents- the Government must prove defendant made the statements with the subjective intent they be taken as a threat); Pattern Crim. Jury Instr. 11th Cir. OI O29 (2025) (including element that "defendant understood and meant the words as a true threat.").

For the above reasons the defense respectfully submits that the Court should remove the reckless subjective intent instruction. The defense requests the Court instruct the jury that:

> To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. A threat is "willfully" or deliberately made if in addition to comprehending the words used, the maker voluntarily spoke the words with intent that they be taken as a serious expression of an intent to shoot or injure the President.

WHEREFORE, for the foregoing reasons, the defense respectfully requests the Court add the additional requested instruction to the Preliminary Instructions and in the Final Instructions instruct the jury that the Government must prove that Mr. Bell made the threat willfully.

Dated: December 11, 2025, in Portland Maine

>*/s/ Grainne Dunne*_____
>Grainne Dunne
>Attorney for Defendant
>Assistant Federal Defender
>P.O. Box 595
>Portland, Me 04112-0595
>207-553-7070
>FAX: 553-7017
>grainne_dunne@fd.org

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

    I, Grainne Dunne, attorney for Kevin Bell, hereby certify that I have served electronically, a copy of the within **DEFENDANT'S MEMORANDUM REGARDING PRELIMINARY AND FINAL JURY INSTRUCTIONS** upon Assistant United States Attorneys Nicholas Heimbach, Esq., and Shira Furman Esq., via the ECF system.

Dated: December 11, 2025          */s/ Grainne Dunne*
                                               Grainne Dunne