# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | DOCKET NO. 2:25-cr-00076-JAW |
| | ) | |
| KEVIN BELL | ) | |

### DEFENDANT'S SECOND MEMORANDUM REGARDING PRELIMINARY AND FINAL JURY INSTRUCTIONS

NOW COMES Defendant Kevin Bell, by and through counsel, and respectfully makes the following objections and requested changes to the Court's Preliminary and Final Jury Instructions, provided to counsel on December 12, 2025.

### I. PRELIMINARY INSTRUCTION

The defense has one objection and requested change to the Court's Preliminary Jury Instruction.[1]

**a. Count One: Threat Against the President.**

The defense requests that Court's definition of "willfully" in its Preliminary Instruction be modified to match the definition of willfully contained in the First Circuit Pattern Instruction. Prelim. Instr. at 5. Specifically, the defense requests that the instruction be modified as follows.

> To prove Mr. Bell acted willfully, the Government must prove beyond a reasonable doubt that Mr. Bell acted voluntarily and ~~purposely~~ *intelligently and* with the

---

[1] The defense believes there are two typographical errors in the Preliminary Instruction. Prelim Instr. at 3 ("In order for you to find Mr. Bell guilty of this crime, the Government must prove each of the following ~~two~~ four elements beyond a reasonable doubt."); *Id*. at 4. ("Under the law, a true threat is a statement where the speaker means to communicate a serious expression of an intent to kill or ~~injury~~ *injure* President Trump.").

1

*specific* intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.

Pattern Crim. Jury Instr. for the District Courts of the First Circuit, Instr. 2: 17 (Feb. 6, 2024 ed.) (hereinafter "First Circuit Pattern Instr.").

## II. FINAL INSTRUCTION

The defense respectfully submits the following objections to the Court's Final Jury Instruction.[2]

### a. Definition of True Threat.

The defense requests that the word "true" be inserted before "threat" in the first and last sentence of the first paragraph pertaining to true threats. Final Jury Instr. at 10. The defense also requests the word "serious" be inserted before "intention" in the first sentence. If the Court accepts the defense's requested amendments, the paragraph would read as follows:

> A *true* threat is a statement expressing a *serious* intention to kill or inflict bodily harm upon the President. Section 871(a) is constitutional on its face. The Nation has a valid, even an overwhelming, interest in protecting the safety of its Chief Executive and in allowing its Chief Executive to perform his duties without interference from threats of physical violence. At the same time, free speech in this country is protected by the First Amendment. This country has a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials, including the President. Even so, the First Amendment's protection of speech and expression does not extend to *true* threats of physical violence.

---

[2] The defense believes there are the below typographical errors in the Final Instruction: the docket number is 2:25-cr-00076 rather than 2:25-cr-00097; Final Instr. at 9 ("In order for you to find Mr. Bell guilty of this crime, the Government must prove each of the following ~~two~~ four elements beyond a reasonable doubt"); *Id*. at 10 ("Under the law, a true threat is a statement where the speaker means to communicate a serious expression of an intent to kill or injure ~~injury~~ President Trump."); *Id*. ("To meet its burden, the Government must prove beyond a reasonable doubt that Mr. Bell made the statement with the intention that it be viewed as his serious expression of an intent to kill or ~~injury~~ injure President Trump.").

2

The defense believes omission of the word "true" before "threat" may confuse the jury, leading them to infer there may be some unexplained distinction between "threat" and a "true threat," that both lay outside the protection of the First Amendment. The defense is concerned this could cause the jury to erroneously conclude that a "threat" is a lesser included offense to "true threat" and lead them to convict Mr. Bell even where the Government has failed to meet its burden of proof as to a "true threat."

The defense respectfully submits that inclusion of the word "serious" better conforms with binding precedent defining true threats. *Virginia v. Black*, 538 U.S. 343, 359 (2003) ("'True threats' encompass those statements where the speaker means to communicate a *serious* expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.") (emphasis added); *Counterman v. Colorado*, 600 U.S. 66, 74 (2003) ("True threats are '*serious* expression[s]' conveying that a speaker means to 'commit an act of unlawful violence.'") (emphasis added) citing *Black*, 538 U.S. at 359.

Finally, the defense respectfully requests that the seventh sentence in the final paragraph be modified to omit the word "some." As amended, the sentence would read as follows:

> Said differently, the Government must prove beyond a reasonable doubt that Mr. Bell had *a* subjective understanding of the threatening nature of his statements.

The defense believes that this sentence better reflects the statute's intent standard. Alternatively, the defense requests the sentence be omitted in its entirety. Moreover, the Government must prove Mr. Bell acted willfully – that is with the specific intent to do something the law forbids, that is with bad purpose to disobey or disregard the law. Absent modification, the defense submits that the above sentence would appear to lower this intent standard, allowing conviction even where Mr. Bell had only "some" understanding as to the unlawful nature of his conduct.

### b. Intent

#### i. *Willfully*

The defense objects to the definition of "willfully" in the Final Instructions for the same reasons set forth in its objection to the Preliminary Instruction, above. The defense requests the definition of willfully in the Final Instruction be modified as follows:

> To prove Mr. Bell acted willfully, the Government must prove beyond a reasonable doubt that Mr. Bell acted voluntarily and *intelligently and* ~~purposely~~ with the *specific* intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.

Final Instr. at 11.

#### ii. *Reckless Instruction*

The defense hereby incorporates its arguments from its previously filed Memorandum (ECF No. 111) and respectfully objects to the inclusion of the reckless subjective intent requirement, mirroring the language of *Counterman v. Colorado*. Final Instr. at 11-12.

For the reasons set forth in its previously filed memorandum. the defense requests the Court remove the following paragraph:

> The Government may prove the requisite intent in the charged offense if Mr. Bell wanted his actions to be received as a true threat, knew that his actions would be viewed as a true threat, or consciously disregarded a substantial risk that his actions would be viewed as a true threat, meaning that he was aware that others could regard his communication as threatening violence but said it anyway.

Final Instr. at 11 -12. The defense makes the following suggested replacement to the above paragraph:

> To meet its burden as to the requisite intent in the charged offense, the Government must prove that Mr. Bell made the statement with the specific intent that it be viewed as a true threat, that is as a serious expression of an intent to kill or injure President Trump.

WHEREFORE, for the foregoing reasons, the defense respectfully requests the Court make the above requested changes to the Preliminary Instructions and the Final Instructions, including adopting the First Circuit Pattern Instruction for "willfully," and instruct the jury that the Government must prove that Mr. Bell made the threat willfully.

Dated: December 13, 2025, in Portland Maine

/s/ Grainne Dunne
Grainne Dunne
Attorney for Defendant
Assistant Federal Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070
FAX: 553-7017
grainne_dunne@fd.org

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

    I, Grainne Dunne, attorney for Kevin Bell, hereby certify that I have served electronically, a copy of the within **DEFENDANT'S SECOND MEMORANDUM REGARDING PRELIMINARY AND FINAL JURY INSTRUCTIONS** upon Assistant United States Attorneys Nicholas Heimbach, Esq., and Shira Furman Esq., via the ECF system.

Dated: December 13, 2025                */s/ Grainne Dunne*
                                                    Grainne Dunne